IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Michael Collier,<br><br>                Petitioner,<br><br>v.<br><br>Lyle Broadhead, et al.,<br><br>                Respondents. | No. CV-14-8227-PCT-DJH (ESW)<br><br>**REPORT AND RECOMMENDATION** |

**TO THE HONORABLE DIANE J. HUMETEWA, UNITED STATES DISTRICT JUDGE:**

Pending before the Court is David Michael Collier's ("Petitioner") Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus (the "Petition") (Doc. 1). Respondents have answered (Docs. 10, 14), and Petitioner has replied (Doc. 16). The matter is deemed ripe for consideration.

Petitioner raises four grounds for habeas relief in the Petition. The undersigned finds that the all of the grounds are procedurally defaulted. It is therefore recommended that the Petition be denied and dismissed with prejudice.

**I. BACKGROUND**

On October 15, 2013, Petitioner signed a plea agreement in which Petitioner pled guilty to (i) Aggravated Assault Causing Physical Injury Per Domestic Violence, a class 6

felony[1] and (ii) Resisting Arrest, Passive Resistance, a class 1 misdemeanor.[2] (Doc. 10-1 at 10-14). The trial court accepted Petitioner's guilty plea. (*Id*. at 16, 18-38). On February 25, 2014, the trial court suspended the imposition of sentence and placed Petitioner on a two-year term of supervised probation. (*Id*. at 40-42, 60-61). The trial court also imposed fines and fees, and ordered that Petitioner pay restitution not to exceed $100,000. (*Id*. at 41, 60-61). Petitioner did not file a notice for post-conviction relief ("PCR") in the trial court.[3] (*Id*. at 2-5). Petitioner's convictions and sentence thus became final on May 26, 2014. Ariz. R. Crim. P. 32.4 (deadline for filing a PCR notice in an of-right PCR proceeding is "ninety days after the entry of judgment and sentence or within thirty days after the issuance of the final order or mandate by the appellate court in the petitioner's first petition for post-conviction relief proceeding").

On June 3, 2014, the trial court held a probation violation hearing. (Doc. 10-1 at 177). After finding that Petitioner violated the terms of his probation, the trial court revoked Petitioner's probation. (*Id*.). The trial court sentenced Petitioner to a one-year term of incarceration for the offense of Aggravated Assault Causing Physical Injury Pursuant to Domestic Violence and sixty-six days in jail for the offense of Resisting Arrest, Passive Resistance. (*Id*. at 180). Petitioner did not appeal the trial court's sentencing judgment. (*Id*. at 2-6).

On November 24, 2014, Petitioner filed the Petition seeking federal habeas relief.[4] In January 2015, the Court ordered Respondents to answer the Petition. In March 2015, Petitioner was released from custody. Respondents filed their Limited Answer on April

---

[1] In violation of ARIZ. REV. STAT. §§ 13-1204(A)(4), 13-1203(A)(1), and 13-3601.

[2] In violation of ARIZ. REV. STAT. § 13-2508(A)(3) and (B).

[3] Under Arizona law, a defendant in a non-capital case who pleads guilty waives his or her right to a direct appeal. S*ee* ARIZ. REV. STAT. § 13–4033(B). A plea-convicted defendant, however, is entitled to an of-right PCR proceeding. *See* Ariz. R. Crim. P. 32.1 and 32.4.

[4] Respondents do not argue, and the undersigned does not find, that this habeas proceeding is untimely under the one-year statute of limitations set forth in the Anti-Terrorism and Effective Death Penalty Act of 1996. The statute of limitations is codified at 28 U.S.C. § 2244(d).

27, 2015 (Doc. 10). On June 3, 2015, the Court ordered Respondents to file an amended answer addressing whether Petitioner's release from custody renders the Petition moot. (Doc. 13). Ten days later, Respondents filed a "Response to Court Order of June 3, 2015, and Request to Accept Response in Lieu of Amended Limited Answer."[5] (Doc. 14). The Court accepted Respondents' Response (Doc. 14) in lieu of an Amended Limited Answer. (Doc. 15). On July 13, 2015, Petitioner replied to Respondents' Limited Answer and "Response to Court Order of June 3, 2015." (Doc. 16).

## II. FEDERAL HABEAS LAW

### A. Exhaustion-of-State-Remedies Doctrine

It has been settled for over a century that a "state prisoner must normally exhaust available state remedies before a writ of habeas corpus can be granted by the federal courts." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981); *see also Picard v. Connor*, 404 U.S. 270, 275 (1971) ("It has been settled since *Ex parte Royall*, 117 U.S. 241, 6 S. Ct. 734, 29 L.Ed. 868 (1886), that a state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus."). The rationale for the doctrine relates to the policy of federal-state comity. *Picard*, 404 U.S. at 275 (1971). The comity policy is designed to give a state the initial opportunity to review and correct alleged federal rights violations of its state prisoners. *Id.* In the U.S. Supreme Court's words, "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation." *Darr v. Burford*, 339 U.S. 200, 204 (1950);

---

[5] The undersigned concurs with Respondents' conclusion that Petitioner's release after filing the Petition has not rendered this proceeding moot to the extent that Petitioner is challenging the constitutionality of his underlying convictions. After reviewing the record, the undersigned finds no evidence rebutting the presumption that collateral consequences of Petitioner's convictions exist which are sufficient to satisfy the case-or-controversy requirement of Article III, § 2 of the U.S. Constitution. *United States v. Verdin*, 243 F.3d 1174, 1177 (9th Cir. 2001); *see also Chacon v. Wood*, 36 F.3d 1459, 1463 (9th Cir. 1994), *superseded on other grounds by* 28 U.S.C. § 2253(c) ("A habeas petition challenging the underlying conviction is never moot simply because, subsequent to its filing, the petitioner has been released from custody.").

*see also Reed v. Ross*, 468 U.S. 1, 11 (1984) ("[W]e have long recognized that in some circumstances considerations of comity and concerns for the orderly administration of criminal justice require a federal court to forgo the exercise of its habeas corpus power.") (citations and internal quotation marks omitted).

The exhaustion doctrine is codified at 28 U.S.C. § 2254. That statute provides that a habeas petition may not be granted unless the petitioner has (i) "exhausted" the available state court remedies; (ii) shown that there is an "absence of available State corrective process"; or (iii) shown that "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).

Case law has clarified that in order to "exhaust" state court remedies, a petitioner's federal claims must have been "fully and fairly presented" in state court. *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014). To "fully and fairly present" a federal claim, a petitioner must present both (i) the operative facts and (ii) the federal legal theory on which his or her claim is based. This test turns on whether a petitioner "explicitly alerted" a state court that he or she was making a federal constitutional claim. *Galvan v. Alaska Department of Corrections*, 397 F.3d 1198, 1204–05 (9th Cir. 2005). "It is not enough that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state law claim was made." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (citation omitted); *see also Lyons v. Crawford*, 232 F.3d 666, 668 (9th Cir. 2000), *as modified by* 247 F.3d 904 (9th Cir. 2001) (federal basis of a claim must be "explicit either by citing federal law or the decisions of federal courts, even if the federal basis is self-evident or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds").

**B. Procedural Default Doctrine**

If a claim was presented in state court, and the court expressly invoked a state procedural rule in denying relief, then the claim is procedurally defaulted in a federal habeas proceeding. *See, e.g., Zichko v. Idaho*, 247 F.3d 1015, 1021 (9th Cir. 2001). Even if a claim was not presented in state court, a claim may be procedurally defaulted in

a federal habeas proceeding if the claim would now be barred in state court under the state's procedural rules. *See, e.g., Beaty v. Stewart*, 303 F.3d 975, 987 (9th Cir. 2002).

Similar to the rationale of the exhaustion doctrine, the procedural default doctrine is rooted in the general principle that federal courts will not disturb state court judgments based on adequate and independent state grounds. *Dretke v. Haley*, 541 U.S. 386, 392 (2004). A habeas petitioner who has failed to meet the state's procedural requirements for presenting his or her federal claims has deprived the state courts of an opportunity to address those claims in the first instance. *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991).

As alluded to above, a procedural default determination requires a finding that the relevant state procedural rule is an adequate and independent rule. *See id.* at 729-30. An adequate and independent state rule is clear, consistently applied, and well-established at the time of a petitioner's purported default. *Greenway v. Schriro*, 653 F.3d 790, 797-98 (9th Cir. 2011); *see also Calderon v. U.S. Dist. Court (Hayes)*, 103 F.3d 72, 74-75 (9th Cir. 1996). An independent state rule cannot be interwoven with federal law. *See Ake v. Oklahoma*, 470 U.S. 68, 75 (1985). The ultimate burden of proving the adequacy of a state procedural bar is on the state. *Bennett v. Mueller*, 322 F.3d 573, 585-86 (9th Cir. 2003). If the state meets its burden, a petitioner may overcome a procedural default by proving one of two exceptions.

In the first exception, the petitioner must show cause for the default and actual prejudice as a result of the alleged violation of federal law. *Hurles v. Ryan*, 752 F.3d 768, 780 (9th Cir. 2014). To demonstrate "cause," a petitioner must show that some objective factor external to the petitioner impeded his or her efforts to comply with the state's procedural rules. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986); *Robinson v. Ignacio*, 360 F.3d 1044, 1052 (9th Cir. 2004). To demonstrate "prejudice," the petitioner must show that the alleged constitutional violation "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982); *see also Carrier*, 477 U.S. at 494 ("Such a

showing of pervasive actual prejudice can hardly be thought to constitute anything other than a showing that the prisoner was denied 'fundamental fairness' at trial.").

In the second exception, a petitioner must show that the failure to consider the federal claim will result in a fundamental miscarriage of justice. *Hurles*, 752 F.3d at 780. This exception is rare and only applied in extraordinary cases. *Wood v. Ryan*, 693 F.3d 1104, 1118 (9th Cir. 2012) (quoting *Schlup v. Delo*, 513 U.S. 298, 321 (1995)). The exception occurs where a "constitutional violation has probably resulted in the conviction of one who is actually innocent of the offense that is the subject of the barred claim." *Wood*, 693 F.3d at 1117 (quoting *Schlup*, 513 U.S. at 327).

### III.  ANALYSIS OF THE PETITION

**A.  All Four Grounds are Procedurally Defaulted**

Petitioner presents four grounds for habeas relief in the Petition. As detailed in the Court's January 2015 Order, Petitioner contends that:

> (1) Petitioner was denied counsel in violation of his due process and equal protection rights;
>
> (2) The trial court was without jurisdiction to try Petitioner, "Petitioner repeatedly raised the fact of status and citizenship and that petitioner is a preamble citizen, not a 14th Amendment citizen on the account of fraud," and after Petitioner refused to sign any trial documents a court officer "grabbed [his arm and forced [his] finger print to the bond paper";
>
> (3) Petitioner was denied access to a law library and denied access to the courts; and
>
> (4) The trial judge and prosecutor refused to answer questions about their qualifications, Petitioner's due process and equal protection rights were violated by: false imprisonment, arrest without a warrant, denial of phone calls, being assaulted by a Yavapai County Jail Officer during booking, "never being notified by a process server," and being exposed to HIV, AIDS, herpes, hepatitis and other communicable diseases in the jail.

(Doc. 4 at 1-2).

Petitioner is a plea-convicted defendant who has no right to a direct appeal. Thus, to satisfy the exhaustion-of-state-remedies doctrine, Petitioner must have fairly presented the above claims to the trial court in a PCR petition. *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994) ("to exhaust one's state court remedies in Arizona, a petitioner must first raise the claim in a direct appeal or collaterally attack his conviction in a petition for post-conviction relief pursuant to Rule 32"). Then, Petitioner must have petitioned the Arizona Court of Appeals for review of the trial court's ruling on the PCR petition. *Castillo v. McFadden*, 399 F.3d 993, 998 (9th Cir. 2005) (in noncapital cases, "claims of Arizona state prisoners are exhausted for purposes of federal habeas once the Arizona Court of Appeals has ruled on them") (quoting *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999)). Claims that have been presented to the trial court, but not to the Arizona Court of Appeals are not exhausted. *Id.*; *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) ("To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court . . . thereby alerting that court to the federal nature of the claim.").

Here, Petitioner has not filed a PCR notice or petition in the trial court. (Doc. 10-1 at 2-5). Petitioner instead filed a direct appeal in the Arizona Court of Appeals. (*Id.* at 71-79, 81-86). The Arizona Court of Appeals dismissed the appeal for lack of jurisdiction. (*Id.* at 91). In its March 19, 2014 Order, the Court of Appeals explained that because Petitioner's judgment and sentence were entered pursuant to Petitioner's plea agreement, Petitioner must seek review in accordance with Rule 32, Ariz. R. Crim. P. (*Id.*). The Court of Appeals denied Petitioner's "Motion for Reconsideration of Dismissal of Appeal #1" (*Id.* at 93-104) and "Motion to Accept Appeal #2 Motion for Reconsideration of Dismissal of Appeal" (*Id.* at 106-21). (*Id.* at 123). The appellate court reiterated that to seek review of Petitioner's convictions or sentence, Petitioner must proceed in accordance with Rule 32, Ariz. R. Crim. P. (*Id.*). The Arizona Supreme Court denied Petitioner's request for review of the Arizona Court of Appeals' rulings. (*Id.* at 125-75, 184). Because Petitioner failed to fairly present the claims raised in the

- 7 -

Petition in the trial court through a PCR petition, Petitioner has failed to exhaust his habeas claims.  *Roettgen*, 33 F.3d at 38.

Respondents assert that all four grounds are unexhausted and procedurally defaulted because Petitioner would be precluded from post-conviction relief on all four grounds under Rule 32, Ariz. R. Crim. P.  (Doc. 10 at 12-13).  Rules 32.2(b) and 32.4(a), Ariz. R. Crim. P., do not bar untimely claims that fall within the categories set forth in Ariz. R. Crim. P. 32.1(d) through (h):

> d. The person is being held in custody after the sentence imposed has expired;
>
> e. Newly discovered material facts probably exist and such facts probably would have changed the verdict or sentence. Newly discovered material facts exist if:
>> (1). The newly discovered material facts were discovered after the trial.
>> (2). The defendant exercised due diligence in securing the newly discovered material facts.
>> (3). The newly discovered material facts are not merely cumulative or used solely for impeachment, unless the impeachment evidence substantially undermines testimony which was of critical significance at trial such that the evidence probably would have changed the verdict or sentence.
>
> f. The defendant's failure to file a notice of post-conviction relief of-right or notice of appeal within the prescribed time was without fault on the defendant's part; or
>
> g. There has been a significant change in the law that if determined to apply to defendant's case would probably overturn the defendant's conviction or sentence; or
>
> h. The defendant demonstrates by clear and convincing evidence that the facts underlying the claim would be sufficient to establish that no reasonable fact-finder would have found defendant guilty of the underlying offense beyond a reasonable doubt, or that the court would not have imposed the death penalty.

Petitioner does not assert that any of the above exceptions apply to his habeas claims.  Nor does it appear that such exceptions would apply.  All four grounds are

deemed procedurally defaulted. *Beaty*, 303 F.3d at 987 (a claim is procedurally defaulted "if the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the requirement would now find the claims procedurally barred") (quoting *Coleman*, 501 U.S. at 735 n.1)).

### B. Petitioner's Procedural Default is Not Excused

The merits of a habeas petitioner's procedurally defaulted claims are to be reviewed if the petitioner (i) shows cause for the default and actual prejudice as a result of the alleged violation of federal law or (ii) shows that the failure to consider the federal claim will result in a fundamental miscarriage of justice. *McKinney v. Ryan*, 730 F.3d 903, 913 (9th Cir. 2013).

Petitioner's status as a pro se litigant does not exempt Petitioner from the "cause and prejudice" standard. *Hughes v. Idaho State Board of Corrections,* 800 F.2d 905, 908 (9th Cir. 1986). Petitioner has not shown that an objective factor external to Petitioner impeded his efforts to file a PCR notice or petition. Petitioner has therefore failed to show cause for his procedural defaults. Where a petitioner fails to establish cause, the Court need not consider whether the petitioner has shown actual prejudice resulting from the alleged constitutional violations. *Smith v. Murray*, 477 U.S. 527, 533 (1986). Accordingly, the undersigned finds that Petitioner has not satisfied the "cause and prejudice" exception to excuse his procedural defaults.

To satisfy the fundamental miscarriage of justice exception, Petitioner must show that "a constitutional violation has resulted in the conviction of one who is actually innocent." *Schlup*, 513 U.S. at 327. Petitioner asserts that he was falsely and unlawfully accused of the offenses underlying his convictions. (Doc. 16 at 9-10). To the extent Petitioner argues that the miscarriage of justice exception should be applied to excuse Petitioner's procedural defaults, Petitioner does not proffer any new evidence to support actual innocence. Petitioner's conclusory statements that he was falsely and unlawfully accused are insufficient to satisfy the miscarriage of justice exception.[6]

---

[6] Moreover, it is unclear "whether the *Schlup* actual innocence gateway always

*Schlup*, 513 U.S. at 324 ("To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence."). After reviewing the record, the undersigned finds no evidence showing that a constitutional violation has probably resulted in the conviction of an innocent man. The undersigned thus finds the miscarriage of justice exception inapplicable to this case. *Wood*, 693 F.3d at 1117-18. Consequently, the undersigned recommends that the Court not excuse Petitioner's procedural defaults.

### IV. CONCLUSION

Based on the foregoing reasons, the undersigned recommends that the Court deny and dismiss the Petition (Doc. 1) with prejudice.

Accordingly,

**IT IS RECOMMENDED** that the Petition (Doc. 1) be **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that a certificate of appealability and leave to proceed in forma pauperis on appeal be denied because dismissal of the Petition is justified by a plain procedural bar and the undersigned finds that jurists of reason would not find it debatable whether the Court was correct in its procedural ruling.[7]

---

applies to petitioners who plead guilty." *Smith v. Baldwin*, 510 F.3d 1127, 1140 n. 9 (9th Cir. 2007) ("We are aware of a potential incongruity between the purpose of the actual innocence gateway announced in *Schlup* and its application to cases involving guilty (or no contest) pleas. . . . For purposes of our analysis, however, we assume without deciding that the actual innocence gateway is available to [the plea-convicted habeas petitioner]."). Decisions in which the Ninth Circuit or United States Supreme Court have considered gateway claims of actual innocence in a plea context involved subsequent case law that arguably rendered the defendant's acts non-criminal. *See, e.g. Bousley v. United States,* 523 U.S. 614, 621-23 (1998); *Vosgien v. Persson*, 742 F .3d 1131, 1134-35 (9th Cir. 2013); *U.S. v. Avery*, 719 F.3d 1080, 1084-85 (9th Cir. 2013).

[7] "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [Certificate of Appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

- 10 -

**Effect of Recommendation**

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

Dated this 23rd day of February, 2016.

_____
Eileen S. Willett
United States Magistrate Judge